**FOUTS, Appellee,**

**v.**

**WEISS–CARSON, Appellant.**

[Cite as *Fouts v. Weiss–Carson* (1991), 77 Ohio App.3d 563.]

Court of Appeals of Ohio,
Geauga County.

No. 90–G–1594.

Decided Oct. 2, 1991.

*Douglas R. Fouts, pro se.*

*James M. Wilsman,* for appellant.

FORD, Presiding Judge.

Appellant, Donna Weiss–Carson, appeals from the trial court's denial of her Civ.R. 60(B)(1) motion for relief from judgment. The facts are essentially not in dispute.

On March 26, 1990, appellee, Douglas R. Fouts, filed a complaint against appellant, alleging that appellant owed appellee for legal services rendered. The complaint, properly served, prayed for $8,606 plus interest and costs.

The complaint was never answered and a default judgment was taken against appellant on June 5, 1990. Thereafter, appellant was ordered to appear July 27, 1990 for a debtor's examination hearing. Appellant did not appear, and the debtor's examination was continued and rescheduled for August 31, 1990.

On August 29, 1990, appellant filed a Civ.R. 60(B) motion, asserting that her failure to file an answer was the result of "excusable neglect." Civ.R. 60(B)(1). Attached to the motion was appellant's affidavit, stating in part:

"4.  Her [appellant's] physical and mental health have been so adversely affected that she is currently on medical leave from her employment due to the stress she has suffered because of the pending divorce action and she continues to see a psychiatrist on a weekly basis.  Due to her mental and physical state she has been incapacitated from taking appropriate legal action to defend herself in the suit filed against her * * * in that she failed to inform her current attorney * * * of the action until the judgment had been entered against her.  She is entitled to relief from judgment entered against her by this court due to excusable neglect.

"* * *

"8.  She [appellant] has a meritorious defense to present in that she denies that the amount of fees charged by plaintiff [appellee] reflect the reasonable value of his legal services in representing her in the divorce action * * *. Therefore, there is a failure of consideration."

The trial court overruled appellant's motion on August 30, 1990, after which appellant timely filed a notice of appeal raising the following assignments of error:

"1.  The trial court erred in denying appellant's motion for relief from judgment.

"2.  The trial court committed prejudicial error in not granting an evidentiary hearing where the defendant-appellant has met the requirements under Civ.R. 60(B) for relief from judgment."

■  Under Civ.R. 60(B), the moving party must show that the party has a meritorious defense, that the party is entitled to relief under one of the grounds stated in Civ.R. 60(B), and that the motion is made within a reasonable time.  *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus.

■  With respect to the claimed meritorious defense, the movant is *not* required to prove that she will ultimately prevail if relief is granted.  Rather, the burden on the moving party is only to *allege* operative facts which would constitute a meritorious defense if found to be true.  *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 247, 18 O.O.3d 442, 444, 416 N.E.2d 605, 608, at fn. 3; *Moore v. Emmanuel Family Training Ctr., Inc.* (1985), 18 Ohio St.3d 64, 67, 18 OBR 96, 99, 479 N.E.2d 879, 882.

■  In the instant case, appellant's allegation that fees charged by appellee did not reflect the reasonable value of his legal services, if found to be true, would constitute a meritorious defense to the *amount* of the default judgment entered in favor of appellee.  Accordingly, the first prong of *GTE, supra,* has been met.

■ Under the second prong of the *GTE* test, appellant asserts that she is entitled to relief under one of the grounds specified in Civ.R. 60(B)(1) through (5) in that her failure to file an answer was the product of "excusable neglect." Civ.R. 60(B)(1).

Although appellant's affidavit indicates that she has been emotionally distraught over her pending divorce, causing her to take medical leave and seek psychiatric counseling, we have no operative facts as to the severity of her mental condition or whether her condition would have rendered her *incompetent* for purposes of receiving service or comprehending her legal obligations.

The case *sub judice* is clearly distinguishable from other Ohio cases where the movant's severe mental illness constituted excusable neglect. See *Brenner v. Shore* (1973), 34 Ohio App.2d 209, 211, 63 O.O.2d 373, 374, 297 N.E.2d 550, 551 (severe emotional strain resulted in hospitalization for "complete physical and mental collapse"); see, also, *Farrell v. Gray* (Mar. 27, 1990), Franklin App. No. 89AP–1062, unreported, 1990 WL 33556 (appellant's physician provided evidence that physical illness caused bizarre behavior, hallucinations, illogical thought processes, and impaired concentration).

Appellant having failed to allege operative facts demonstrating excusable neglect, the trial court did not err in overruling appellant's Civ.R. 60(B) motion without hearing.

■ This court parenthetically notes that appellant failed to demonstrate that her Civ.R. 60(B) motion was filed within a "reasonable time."

Civ.R. 60(B) specifies that motions filed pursuant to Civ.R. 60(B)(1) through (3) must be made "not more than one year after the judgment, order or proceeding was entered or taken." Significantly, however, the rule also orders that the motion must be made "within a reasonable time." Thus, "[w]hile a party may have a possible right to file a motion to vacate a judgment up to one year after the entry of judgment, the motion is also subject to the 'reasonable time' provision." *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97, 106, 68 O.O.2d 251, 256, 316 N.E.2d 469, 476.

In this regard, the movant has the burden of proof, and "must submit factual material which on its face demonstrates the timeliness of the motion." *Id.* at 103, 68 O.O.2d at 254, 316 N.E.2d at 475. To sustain this burden, "good legal practice dictates that the movant * * * present allegations of operative facts to demonstrate that [s]he is filing [her] motion within a reasonable period of time." *Id.*

In *Mount Olive Baptist Church v. Pipkins Paints & Home Improvement Ctr., Inc.* (1979), 64 Ohio App.2d 285, 18 O.O.3d 319, 413 N.E.2d 850, at paragraph two of the syllabus, the court held:

"A motion to vacate a default judgment which is filed nearly seven months after actual notice of the action and more than four months after default judgment was entered is not, on its face, a reasonable time within which to file the motion pursuant to Civ.R. 60(B)(5). *In the absence of any evidence explaining the delay, the movant has failed to demonstrate the timeliness of the motion.*" (Emphasis added.)

Since appellant failed to present any explanation within her motion for the twelve-week delay in filing her motion to vacate the default judgment, she failed to demonstrate the timeliness of the motion. Cf. *Security Fed. S. & L. Assn. of Cleveland v. Keyes* (June 29, 1990), Geauga App. No. 89–G–1524, unreported, 1990 WL 93135 (trial court's granting of a Civ.R. 60[B] motion held to be an abuse of discretion where appellee failed to offer any explanation for an eighteen-week delay in filing his motion to vacate the default judgment rendered against him); see, also, 2 Baldwin's Ohio Civil Practice (1988), Text 53.05(F) ("An unexplained or unjustified delay in making the motion after discovering a ground for relief may put the motion beyond the pale of a reasonable time." [Footnote omitted.]).

Accordingly, appellant's first assignment of error is without merit.

Having determined that appellant's motion and affidavit did not contain allegations of operative facts which would warrant relief under Civ.R. 60(B), the trial court did not abuse its discretion in overruling appellant's motion without first holding an evidentiary hearing. *Hornyak v. Brooks* (1984), 16 Ohio App.3d 105, 16 OBR 111, 474 N.E.2d 676. Therefore, appellant's second assignment of error is equally without merit.

Based upon the foregoing, the judgment of the trial court is affirmed.

*Judgment affirmed.*

CHRISTLEY and BASINGER, JJ., concur.

RANDALL L. BASINGER, J., of the Putnam County Court of Common Pleas, sitting by assignment.