[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ACCELERATED
 OPINION
This is an accelerated calendar appeal from the Girard Municipal Court, which overruled appellant's, Keith A. Binion, motion to vacate the trial court's order of dismissal. The trial court dismissed appellant's action after neither he nor his counsel appeared at a scheduled pretrial hearing.
On June 11, 1997, appellant filed a complaint in the Girard Municipal Court, alleging that appellee, Peter J. Makis, wrongfully withheld $145.12 from appellant's security deposit after he ended his tenancy at appellee's property on 1182 Churchill-Hubbard Road, Lot 20, in Liberty Township, Ohio. On July 1, 1997, the trial court set the matter for a pretrial hearing to be held on September 3, 1997, at 9:00 a.m. Appellant's attorney overslept and was not present at the hearing. On September 3, 1997, the trial court granted appellee's motion to dismiss and did so on the basis that appellant failed to appear. In that judgment entry, the trial court stated that it found for appellee based upon the testimony and exhibits produced at the pretrial hearing.
On December 3, 1997, appellant filed a "Motion to Vacate Default Judgment and Order of Dismissal." Appellant supported his motion to vacate with affidavits from Marcus Baldwin ("Baldwin") and his attorney, William Fleavares ("Fleavares"). In his affidavit, Fleavares stated that he had every intention of attending the pretrial hearing on September 3, 1997, at 9:00 a.m., but accidentally slept through his alarm until approximately 9:30 a.m. Fleavares further stated that when he called the court at 9:30 a.m., Karen Constantino, a court employee, informed him that appellant's case had been dismissed. Finally, Fleavares averred that appellant was not present at the hearing because he had told appellant not to attend. In Baldwin's affidavit, Baldwin claimed that he helped appellant clean the residence and was present at the move-out inspection performed by appellee's agent, who indicated that no further cleaning was necessary.
On December 4, 1997, the trial court filed a one sentence judgment entry which stated, "[appellant's] motion to vacate judgment under date 9-3-97 is respectfully denied." On January 2, 1998, appellant timely filed this notice of appeal asserting the following assignment of error:
 "The trial court erred to the prejudice of [appellant] when it denied [appellant's] 60(B) Motion asking the court to vacate its order of dismissal of [appellant's] complaint due to [appellant's] counsel's failure to appear at a pre-trial hearing scheduled in the case."
Appellant argues that the trial court abused its discretion in overruling his motion to vacate the default judgment and order of dismissal because he had a meritorious claim, was entitled to relief under Civ.R. 60(B)(1), and the motion was timely filed. Additionally, appellant contends that the trial court abused its discretion by overruling his motion without providing an evidential hearing on the matter.
Although the trial court referred to appellee's motion at the September 3, 1997 pretrial hearing as a "motion for default," the facts reveal that the disposition of this case must be characterized as a Civ.R. 41(B)(1) "involuntary dismissal" of appellant's claim. "Under [Civ.R. 41(B)(1)] * * * there is no doubt that a trial court may, sua sponte, dismiss an action for non-appearance at a pre-trial conference." Perotti v. Ferguson
(1983), 7 Ohio St.3d 1, 2. Furthermore, pursuant to Civ.R. 41(B)(3), any dismissal under Civ.R. 41(B) is with prejudice unless the court, in its dismissal order, specifies otherwise.[1]
A default judgment can be granted only against a party who "has failed to plead or otherwise defend," in response to a claim for affirmative relief. Civ.R. 55(A). In this matter, appellant instituted the action that was dismissed. Furthermore, appellee did not raise any counterclaims in his pleadings. Thus, there was not any claim against appellant for which he failed to file a responsive pleading or otherwise defend. Therefore, appellee could not have obtained a default judgment against appellant.
In order to obtain relief pursuant to Civ.R. 60(B), appellant must demonstrate that he has a meritorious defense or claim, he is entitled to relief under one of the grounds stated in Civ.R. 60(B), and his motion is made within a reasonable time. GTEAutomatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. When the grounds for relief are made pursuant to Civ.R. 60(B)(1), (2) or (3), the motion must be made within a reasonable time, but not later than "one year after the judgment, order or proceeding was entered or taken." Id. If any one of the three elements is not satisfied, relief must be denied. Moore v. Emmanuel Family Training Ctr.
(1985), 18 Ohio St.3d 64, 67.
In regard to the element requiring appellant to demonstrate that he has a meritorious defense or claim, appellant only must allege operative facts that are sufficient to constitute a meritorious defense or claim if found to be true. Colley v.Bazell (1980), 64 Ohio St.2d 243, 247; Fouts v. Weiss-Carson
(1991), 77 Ohio App.3d 563, 565.
Appellant argues that the first prong of the GTE test is satisfied because, "[t]here is no dispute that [he] has established a prima facie case through the affidavit of Marcus Baldwin." In that affidavit, Baldwin stated that appellee's agent indicated that only a $25 cleaning charge would be taken from appellant's security deposit. If found to be true, then appellant has presented a meritorious claim that appellee wrongfully withheld part of his security deposit. Thus, the first prong of the GTE test is satisfied.
Next, appellant contends that the second prong of the GTE test is satisfied because his counsel "inadvertently overslept," which constitutes a mistake, inadvertence, or excusable neglect. Civ.R. 60(B)(1) permits a court to "relieve a party or his legal representative from a final judgment, order or proceeding for * * * mistake, inadvertence, surprise or excusable neglect."
In determining whether a litigant's neglect is excusable or inexcusable, a court must look at the facts and circumstances present in each case, arising from the conduct of the defendant and those people whose conduct is imputable to the defendant, and decide if such conduct exhibits a complete disregard for the judicial system. Griffey v. Rajan (1987), 33 Ohio St.3d 75, syllabus; GTE, 47 Ohio St.2d at 153. "[T]he neglect of a party's attorney will be imputed to the party for the purposes of Civ.R. 60(B)(1)." GTE, 47 Ohio St.2d 146, at paragraph four of the syllabus. In Neubauer v. Kender (1986), 32 Ohio App.3d 49, the appellant's complaint was dismissed because he arrived thirty minutes late for a trial scheduled to begin at 9:00 a.m. The appellant was late because he had become consumed with attending to other matters, which caused him to make a late departure for the trial. On appeal, the reviewing court reversed a dismissal because appellant's behavior did not evidence a complete disregard for the judicial system. Id. at 50.
In the case sub judice, the record indicates that appellant's counsel's only substandard conduct in presenting this action resulted from one occurrence in which he appeared one-half hour late. Again, pursuant to the decision in GTE, counsel's failure to timely appear is imputed to appellant. However, while oversleeping is severely frowned upon by this court, a one-time occurrence resulting in a period of one-half hour untimeliness, in a case otherwise properly presented, is not so egregious as to exemplify behavior exhibiting a complete disregard for the judicial system. Thus, counsel's one-half hour tardiness for a pretrial hearing constituted excusable neglect, and appellant, therefore, has fulfilled the second prong of the GTE test.
Although appellant has satisfied the first two prongs of theGTE test, appellant's Civ.R. 60(B)(1) motion to vacate, filed twelve weeks after the court's judgment entry granting appellee a dismissal, was untimely. Thus, the third prong of the GTE test was not fulfilled.
In Kinter v. Giannaris (Mar. 25, 1994), Geauga App. No. 93-G-1781, unreported, at 12, this court stated that the appellant's Civ.R. 60(B) motion for relief was timely, since it was filed "less than ten days after the default judgment was entered." However, in Fouts, 77 Ohio App.3d at 567, this court held that the appellant's twelve-week delay in filing a motion to vacate was untimely because she "failed to present any explanation * * * for the twelve week delay * * * [thus], she failed to demonstrate the timeliness of the motion." Id. In that case, this court expressly stated that although a Civ.R. 60(B)(1) motion must be filed no later than one year after the judgment, proceeding, or order was entered or taken, the rule also requires that such motion be made "within a reasonable time." Id. at 566. Furthermore, "the movant has the burden of proof, and `must submit factual material which on its face demonstrates the timeliness of the motion.'" (Citations omitted.) Id.
In Mount Olive Baptist Church v. Pipkins Paints (1979),64 Ohio App.2d 285, the court addressed the issue of when a Civ.R. 60(B) motion is timely filed. In that case, the court stated, "[i]n the absence of any evidence explaining the delay [in filing the motion], the movant has failed to demonstrate the timeliness of the motion." Id. at 289. Finally, in Sec. Fed. S. L. Assn. ofCleveland v. Keyes (June 29, 1990), Geauga App. No. 89-G-1524, unreported, at 9-10, this court held that the trial court abused its discretion in granting a Civ.R. 60(B) motion when the movant did not offer any explanation for an eighteen-week delay in filing his motion to vacate.
In the original motion to vacate, filed on December 3, 1997, and in the brief on appeal, appellant alleges that the motion was timely simply because it was filed within three months of the judgment entry. Appellant's bare assertion falls short of fulfilling his burden to provide this court with an explanation for such delay. Similar to the movants in Fouts, Pipkins Paints, and Keyes, appellant has failed to establish the timeliness of his motion to vacate. Therefore, appellant has not satisfied the third prong of the GTE test. Thus, appellant is precluded from obtaining relief pursuant to Civ.R. 60(B).
Appellant's final contention is that the trial court abused its discretion by overruling his motion without first conducting a hearing on the matter. In Adomeit v. Baltimore (1974), 39 Ohio App.2d 97,103, the court stated the following:
 "A person filing a motion for relief from judgment under Civil Rule 60(B) is not automatically entitled to such relief nor to a hearing on the motion. The movant has the burden of proving that he is entitled to the relief requested or to a hearing on the motion. * * *
 "It is discretionary with the trial court whether the motion will be granted and in the absence of a clear showing of abuse of discretion the decision of the trial court will not be disturbed on appeal."
In Brown v. Brown (Sept. 6, 1996), Greene App. No. 96-CA-11, unreported, at 12, the Second Appellate District held that a person filing a motion for relief from judgment under Civ.R. 60(B) is not automatically entitled to such relief or to a hearing on the motion. On appeal, it was determined that the trial court did not abuse its discretion in overruling the appellant's motion without a hearing because the appellant failed to satisfy all three prongs of the GTE test. Id. In Kasputis v. Blystone (Apr. 20, 1990), Ashtabula App. No. 88-A-1416, unreported, at 13, this court held that the party filing a Civ.R. 60(B) motion is not automatically entitled to relief or even a hearing on the matter. Additionally, the movant's Civ.R. 60(B) motion must contain allegations of operative facts in order to warrant an evidential hearing. Id. at 12.
In our case, appellant did not satisfy the third prong of theGTE test in advancing his Civ.R. 60(B) motion to vacate. Therefore, appellant's motion to vacate was not properly presented to the trial court and could not be further considered. As a consequence, there was no motion before the court for which a hearing could be held. Accordingly, pursuant to Baltimore,Brown and Blystone, the trial court did not abuse its discretion in denying a hearing on the motion. Thus, appellant's contention that the trial court must conduct a hearing on his motion to vacate is not well-taken.
For the foregoing reasons, appellant's assignment of error is without merit, and the judgment of the Girard Municipal Court is affirmed. ___________________________ PRESIDING JUDGE DONALD
R. FORD
CHRISTLEY, J., concurs,
NADER, J., dissents.
[1] In the judgment entry granting an involuntary dismissal of appellant's action, the trial court did not state that such dismissal was without prejudice.