OPINION
Plaintiff-appellant, Phylis Mitchell, appeals a decision of the Mahoning County Common Pleas Court which vacated a judgment that was favorable to her. This case was decided in appellant's favor by an arbitrator and, after the time for appeal to the trial court expired, the court entered a judgment adopting the arbitrator's decision. Defendant-appellee, Mill Creek Sparkle Market, Inc., later alleged that it was not informed of the arbitration hearing date and filed a motion to vacate which the court sustained. For the reasons set forth below, the trial court's decision to vacate its prior judgment is reversed.
 I. STATEMENT OF FACTS
On September 30, 1996, appellant filed a negligence complaint against appellee praying for $15,000 in compensatory damages. Appellant complained that on October 3, 1995, she sustained injuries to her legs and shoulder after tripping over a defect in appellee's negligently maintained sidewalk. Upon receiving appellant's complaint, appellee hired Attorney Robert Bush who filed an answer denying any negligence.
After the scheduled preliminary review, the trial court ordered the matter into arbitration, pursuant to Mahoning County Common Pleas Court Rule 6 ("Local Rule 6"). Two judgment entries were issued on January 27, 1997. One judgment entry ordered the matter into arbitration and set a discovery date, a pretrial date, and a trial date. The other judgment entry set the arbitration date for April 25, 1997. Both were journalized.
On January 29, the Court Administrator sent a notice of assignment to the parties changing the arbitration hearing date to May 2, 1997. The attorney attended the arbitration hearing on appellee's behalf. On May 6, the arbitrator released its report. The report found that appellant incurred $2,007.50 in medical expenses as a result of the hole in appellee's negligently maintained sidewalk. After finding appellant twenty-five percent comparatively negligent, the arbitrator awarded appellant $5,625. Appellee did not file notice of appeal with the trial court as permitted by Local Rule 6 (0)
On June 26, 1997, the court filed its judgment entry adopting the arbitrator's report and award. On August 1, appellant filed a judgment lien upon appellee's land and tenements. On September 12, appellee's new attorney filed a Civ.R. 60 (B) (1) motion to vacate the $5,625 judgment previously rendered on the grounds of mistake, inadvertence, surprise, or excusable neglect. An affidavit signed by appellee's first attorney was attached to appellee's motion to vacate. The affidavit stated that the attorney did not receive notice of the arbitration hearing so he did not notify his client of such hearing. He claimed that he became aware of the hearing solely by being in court on the same day that the hearing was scheduled. On October 15, 1997, the court granted appellee's motion and vacated the $5,625 judgment. The within appeal followed.
 II. ASSIGNMENT OF ERROR DISCUSSION
Appellant's sole assignment of error provides:
 "The trial court erred in granting defendant-appellee's motion to vacate pursuant to Ohio Civ.R. 60 (B)"
The standard used to evaluate a trial court's decision granting Civ.R. 60 (B) relief is abuse of discretion. State exrel. Russo v. Deters (1997), 80 Ohio St.3d 152, 153. An abuse of discretion is more than mere error of law or judgment, but is a decision which is unreasonable, arbitrary, or unconscionable.State v. Adams (1980), 62 Ohio St.2d 151, 157.
To prevail on a 60 (B) motion, the movant must demonstrate three factors: (1) a meritorious defense, (2) entitlement to relief under 60 (B) (1-5), and (3) that the motion was filed within a reasonable time with a maximum time being one year from the judgment entry if the movant alleges entitlement to relief under 60 (B) (1-3). GTE Automatic Elec., Inc. v. ARC Indus. (1976),47 Ohio St.2d 146, 150-151. The court abuses its discretion if it grants relief in a case where the movant has not demonstrated all three factors in its motion for relief. Russo, supra at 154;Strack V. Pelton (1994), 70 Ohio St.3d 172, 174. Accordingly, we must determine whether appellee's motion to vacate demonstrated the three factors required by GTE.
As to the first factor, appellee need not prove that it will prevail at trial after vacation of the judgment against it, but it must allege operative facts which, if believed, would constitute a meritorious defense. Moore v. Emmanuel Fain. Training Ctr., Inc.
(1985), 18 Ohio St.3d 64, 67; Colley v. Bazell (1980), 64 Ohio St.2d 243,247. Appellee's memorandum submitted in support of its motion to vacate does not allege that it has a meritorious defense to present should the judgment against it be vacated.
Appellee cites Kay v. Marc Glassman (1996), 76 Ohio St.3d 18, in which the Court found it to be an abuse of discretion to overrule a motion for relief from default judgment where the movant's counsel prepared an answer but his secretary failed to file it. However, in Kay, the movant attached its answer to its motion for relief. Id. at 20. Kay followed the decision in RoseChevrolet. Inc. v. Adams (1988), 36 Ohio St.3d 17, 20, which held that a meritorious defense can be demonstrated by attaching a copy of the answer to the 60 (B) motion.
In the case sub judice, appellee did not attach a copy of its answer to its 60 (B) motion. Accordingly, appellee failed to satisfy the first GTE factor. Appellee does not even attempt to argue that the court could have reviewed the file and determined from the previously filed answer that appellee alleged the defense of non-negligence. Even if the court is permitted to review a file to determine if there exists a meritorious defense in the answer, appellee must still allege the remaining two factors which must exist for a court to sustain a 60 (B) motion.
Appellee must demonstrate that it is entitled to relief under 60 (B) (1-5) and that it timely filed for relief from judgment.GTE, supra at 150-151. Appellee states that it is entitled to relief under 60 (B) (1) on the grounds of mistake, inadvertence, surprise, or excusable neglect. A motion on these grounds must be filed within a reasonable time, no more than one year from the entry of judgment against the movant. Id.
The court's January 27, 1997 judgment entry declared an arbitration date. The assignment office mailed a notice of change of date to the parties' attorneys.
The arbitration hearing date was published in the Mahoning County Daily Legal News. Local Rule 1 (A) provides that it is the duty of an attorney to ascertain whether the Daily Legal News contains reference to any of his or her cases. Lastly, the attorney was present at the arbitration hearing.
Appellant alleges that, even if the attorney truly was unaware of the hearing date, his neglect is inexcusable and that appellee's motion to vacate was not filed within a reasonable time. Appellee did not utilize Local Rule 6 (0) (1) which allows an appeal of the arbitrator's award to the trial court within thirty days after the award is filed. Upon such appeal, the trial court must hold a trial de novo. Local Rule 6 (0) (3) (a)
Appellee does not allege that it was unaware of the arbitrator's May 6 award. Appellee does not discuss why it failed to appeal the award to the trial court or why it waited until September 12 to file a motion to vacate the court's June 26 judgment entry. We agree with the reasoning of Fouts v. Weiss-Carson
(1991), 77 Ohio App.3d 563, where the Eleventh District stated, "(since appellant failed to present any explanation within her motion for the twelve-week delay in filing her motion to vacate the default judgment, she failed to demonstrate the timeliness of the motion." Id. at 567.
The Supreme Court has held that an error between a court and an attorney may be corrected by 60 (B), but an error between an attorney and a client does not fall within the coverage of the rule. Moore, supra at 68, citing Argo Plastic Prod. Co. v.Cleveland (1984), 15 Ohio St.3d 389, 392. Furthermore, a party may not use a 60 (B) motion as a substitute for a timely appeal.Doe v. Trumbull Cty. Children's Serv. Bd. (1986), 28 Ohio St.3d 128,130. "There must be an end to litigation some day, and free, calculated, deliberate choices are not to be relieved from." Id quoting Ackermann v. United States (1950), 340 U.S. 193, 198.
Because appellee's motion to vacate did not meet the threeGTE requirements, appellant's sole assignment of error is sustained.
For the foregoing reasons, the trial court's decision vacating its prior judgment is reversed and remanded. Upon remand the trial court is ordered to reinstate its June 26, 1997 judgment for appellant.
Cox, P.J., concurs.
Waite, J., concurs.
APPROVED:
 ____________________________ JOSEPH J. VUKOVICH, JUDGE