OPINION
Defendant-appellant Conseco Finance Servicing Corporation appeals from the denial of its motion for relief from a default judgment taken against it by plaintiffs-appellees Kenneth and Debbie Hughes. Conseco argues that the trial court abused its discretion when it denied its motion for relief from judgment, without a hearing.
We conclude that the trial court's failure to articulate any reasoning in support of its decision to deny the motion for relief from judgment has effectively precluded meaningful appellate review of the exercise of its considerable discretion. Accordingly, the order of the trial court denying Conseco's motion for relief from judgment is Reversed, and this cause is Remanded for reconsideration of that motion.
 I
The Hugheses entered into a contract with defendant-appellee Ohio Energy of Cincinnati to remodel the kitchen in their home. Ohio Energy, as part of the deal, arranged financing for the work through Green Tree Financing Services Corp. Conseco is the successor to Green Tree. According to the Hugheses, the work was never performed, and Green Tree refused to disburse the loan proceeds so that the Hugheses might contract with another to perform the work, or otherwise to adjust their loan balance. The Hugheses brought this action against Ohio Energy and Green Tree, Conseco's predecessor, claiming violations of the Ohio Consumer Sales Practices Act, and seeking judgment against Ohio Energy and Green Tree, jointly and severally, for their actual damages, in the amount of $10,416.00, trebled, with interest, together with their costs and attorneys fees. This complaint was served upon Green Tree at its offices in St. Paul, Minnesota, at the address recited in the loan documents as the address of Green Tree, and the address at which it was to be notified in the event of cancellation of the contract. This was the only address for Green Tree provided in the contract documents.
The complaint, together with summons informing Green Tree that default judgment would be taken against it for the relief demanded if it failed to appear and defend, were served by certified mail, return receipt requested, at Green Tree's address in St. Paul, Minnesota. Rose Tuhy's stamped name reflects receipt of service. Ohio Energy was similarly served, appeared, and filed an answer and counter-claim.
On October 7, 1999, a default judgment was entered against Green Tree in the amount of $31,248.00, with interest from the date of judgment, together with attorneys fees and costs in the sum of $2,475.00. The default judgment entry was served upon Green Tree at its offices in St. Paul, Minnesota. Subsequently, a consent judgment was taken against Ohio Energy. According to Conseco's brief in this appeal, the judgment against Ohio Energy was subsequently discharged in bankruptcy, without having been paid.
On October 9, 2000, Conseco's motion for relief from the default judgment rendered against it[1] was filed. That motion was denied, without a hearing. The entire text of the entry and order denying the motion for relief from judgment is as follows:
 This matter came before the Court upon a motion for relief from default judgment under Ohio Rule of Civil Procedure 60(B), filed on October 9, 2000, by Defendant Conseco Finance Servicing Corp., successor in interest to Defendant Green Tree Financial Service Corp. Upon the Court's due consideration of the motion, it is hereby OVERRULED and the Court's October 7, 1999 judgment entry in this matter as to Defendant Conseco/Green Tree is hereby reaffirmed.
IT IS SO ORDERED.
From the denial of its motion for relief from judgment, Conseco appeals.
 II
Conseco's sole assignment of error is as follows:
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT.
Conseco argues that its failure to have answered the Hugheses' complaint was due to excusable neglect, the complaint, the motion for default judgment, and the notice of hearing on the motion for default judgment all having become lost in Conseco's corporate mail room. Conseco argues further that its motion for relief from judgment was timely.
The Hugheses argue to the contrary. They argue that the motion for relief from judgment was not filed within one year of the judgment, as required by Civ.R. 60(B). We disagree.
The judgment was entered October 7, 1999. Pursuant to Civ.R. 6, that day, October 7, 1999, is not included in the period of time within which the motion for relief from judgment was required to be filed. Thus, October 7, 2000, would have been the deadline for filing that motion. However, that day was a Saturday. Civ.R. 6(A) provides that where an act is required to be done on a Saturday or Sunday, the period is extended until the end of the next day which is not a Saturday or a Sunday. Consequently, the filing of the motion for relief from judgment on Monday, October 9, 2000, satisfied the one-year requirement for motions for relief from judgment pursuant to Civ.R. 60(B)(1), (2), or (3).
However, motions for relief from judgment pursuant to Civ.R. 60(B)(1), (2), or (3), in addition to having to be filed within a year, must also be filed within a reasonable time. Adomeit v. Baltimore (1974),39 Ohio App.2d 97, 106, 68 O.O.2d 251, 256, 316 N.E.2d 469, 476. A motion for relief from a default judgment, brought pursuant to Civ.R. 60(B)(1), filed just 12 weeks after the judgment, has been held not to have been filed within a reasonable time, absent some explanation for the delay. Fouts v. Weiss-Carson (1991), 77 Ohio App.3d 563, at 566. The trial court has substantial discretion, based upon the particular facts and circumstances, to determine whether a motion for relief from judgment has been made within a reasonable time.
A trial court also has substantial discretion to determine whether a party's failure to act — in this case, Conseco's failure to answer the Hugheses' complaint — constitutes excusable neglect, pursuant to Civ.R. 60(B)(1).
Although Conseco also purports to base its motion for relief from judgment upon Civ.R. 60(B)(5), that provision is not to be used as a substitute for any of the other more specific provisions of the Rule. Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64. We have examined Conseco's motion, and conclude that it properly sounds only under division (1) of Civ.R. 60(B).
The considerable discretion that a trial court has to determine whether a party's neglect is excusable, and also whether a motion for relief from judgment has been made within a reasonable time, is subject to appellate review under an abuse of discretion standard. However, in the absence of any explanation by the trial court of its reasons for exercising its discretion to deny the motion, we cannot determine, in this case, whether the trial court has abused its discretion. Accordingly, without deciding whether the trial court's decision to deny the motion is an abuse of discretion, we are reversing the order of the trial court, and remanding this cause to the trial court in order that it may reconsider the motion, and provide some explanation of its reasoning. To that limited extent, Conseco's sole assignment of error is sustained.
 III
Conseco's sole assignment of error having been sustained, the order of the trial court denying Conseco's motion for relief from judgment is Reversed, and this cause is Remanded for reconsideration of Conseco's motion.
 _________ FAIN, J.
BROGAN and YOUNG, JJ., concur.
[1] Conseco does not challenge the application against it of the default judgment taken against Green Tree. To the contrary, Conseco implicitly asserts and assumes that it has standing, as Green Tree's corporate successor, to seek relief from that judgment.