OPINION
Conseco Finance Servicing Corporation ("Conseco") appeals from a judgment of the Greene County Court of Common Pleas, which overruled Conseco's motion for relief from a default judgment entered against it.
On July 29, 1998, Kenneth and Debbie Hughes ("the Hugheses") entered into a contract with Ohio Energy of Cincinnati ("Ohio Energy") to have their kitchen remodeled. Ohio Energy arranged financing through Green Tree Financial Servicing Corporation, which was subsequently acquired by Conseco.[1] Ohio Energy represented to the Hugheses that the work would be completed within two weeks and that financing would not require a mortgage lien on their home. The Hugheses then entered into a financing agreement with Conseco on October 29, 1998. The final agreement called for Ohio Energy to make improvements totaling $10,416, which were to be financed by a $24,173.32 home improvement and bill consolidation loan from Conseco. This loan did include a mortgage lien on the Hugheses home.
Conseco disbursed $3,136 to Ohio Energy as a down payment on the kitchen remodeling. Ohio Energy kept that money and failed to perform the work on the Hugheses' kitchen. To avoid damage to their credit, the Hugheses nevertheless began payments on the loan as scheduled. They requested that Conseco disburse the balance of the loan to them or reduce the amount due, but Conseco refused.
On June 7, 1999, the Hugheses filed their complaint against Ohio Energy and Conseco in the Greene County Court of Common Pleas. The complaint alleged that Ohio Energy had violated the Ohio Consumer Sales Practices Act ("CSPA"). The complaint further alleged derivative liability against Conseco and requested treble damages against both defendants. Ohio Energy filed an answer and counterclaim, but later entered into a stipulated judgment entry dismissing its counterclaim, admitting all of the allegations in the complaint, and confessing judgment in the amount of $9,408 plus $1,800 in attorney's fees. Ohio Energy subsequently declared bankruptcy, and this debt was discharged.
Conseco did not respond to the complaint, which had been served on it at its office in Minnesota, the only address on the loan documents and the address at which the Hugheses had been corresponding with Conseco regarding the loan. The Hugheses filed a motion for default judgment on August 2, 1999. That motion was also served upon Conseco at its Minnesota address. On August 23, 1999, the trial court sent Conseco a notice scheduling a hearing on the motion for default judgment for September 30, 1999. Conseco did not appear at the hearing or respond to any of these notices. On October 7, 1999, the trial court entered default judgment against Conseco and awarded the Hugheses treble damages of $31,248, plus interest, and attorney's fees of $2,475.
Shortly following the entry of default judgment, the Hugheses' counsel contacted Conseco's corporate counsel by telephone to arrange for payment. On October 9, 2000, almost a full year after the default judgment entry, Conseco filed a motion for relief from the default judgment. In that motion, Conseco conceded that a mailroom employee had signed the certified mail card attached to the summons and complaint on June 11, 1999. However, it stated that the complaint had not been forwarded within the company and thus had not been received by the corporate counsel.
The trial court overruled Conseco's motion in a January 10, 2001 judgment entry. Conseco appealed the judgment of the trial court to this court, and we reversed and remanded for the trial court to provide an explanation of its reasoning. Hughes v. Ohio Energy Cincinnati, Inc. (June 29, 2001), Greene App. No. 2001-CA-13. Upon remand, the trial court again overruled Conseco's motion on February 15, 2002.
Conseco appeals, raising two assignments of error.
"I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT."
Civ.R. 60(B) provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * *. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
The supreme court has established the following standard for Civ.R. 60(B) motions: "To prevail on [a] motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE AutomaticElec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, 150,351 N.E.2d 113. All three elements must be established, and "the test is not fulfilled if any one of the requirements is not met." Strack v.Pelton (1994), 70 Ohio St.3d 172, 174, 1994-Ohio-107, 637 N.E.2d 914.
The trial court concluded that Conseco had not established any of the three requirements for relief from judgment. Thus, the court determined that Conseco had not made its motion within a reasonable time, had not established that it was entitled to relief based upon inexcusable neglect, and did not have a meritorious defense. We review the trial court's decision for abuse of discretion. See Griffey v. Rajan (1987),33 Ohio St.3d 75, 77, 514 N.E.2d 1122.
With regard to whether the motion was filed within a reasonable time, we concluded in our earlier decision in this case that the motion had been filed within a year. See Hughes, supra. However, Civ.R. 60(B) provides that the motion also be filed within a reasonable time. Thus, while the motion was filed within a year, that may not be a reasonable time depending upon the circumstances of the case. Periods as short as twelve weeks have been found to be unreasonable. See Hughes, supra, citing Fouts v. Weiss-Carson (1991), 77 Ohio App.3d 563, 566,602 N.E.2d 1231.
In this case, the trial court concluded that Conseco's motion had not been filed within a reasonable time because Conseco conceded that it had been advised of the default judgment by the Hugheses' counsel shortly after that judgment was entered. It provided no explanation for then waiting almost a full year to file its motion other than that it was engaged in settlement negotiations with the Hugheses. The trial court noted that filing its motion within a reasonable time would not have prevented Conseco from engaging in those settlement negotiations. Therefore, the court concluded that Conseco's motion had not been filed within a reasonable time given the circumstances of the case. This decision was not an abuse of discretion.
Because all three prongs of the GTE test must be met in order for a motion for relief for default judgment to be granted, the fact that Conseco failed to file its motion within a reasonable time is sufficient to justify the trial court's decision overruling its motion for relief from judgment. Therefore, we will not consider whether Conseco established that its failure to answer had been the result of excusable neglect or whether it had presented a meritorious defense.
The first assignment of error is overruled.
"II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ENTERED ITS DEFAULT JUDGMENT ENTRY AGAINST APPELLANTS IN THE SUM OF $31,248.00 PLUS ATTORNEY'S FEES."
Under this assignment of error, Conseco challenges the amount of the trial court's default judgment award against it. However, Conseco has not appealed from the trial court's default judgment entry. Conseco is appealing from the trial court's denial of its motion for relief from judgment. We are thus only considering whether that decision was appropriate, and we will not entertain a collateral attack upon the merits of the default judgment entry itself. While Conseco's arguments as to damages would have been relevant had the motion for relief from judgment been granted, we have concluded that the trial court did not err in overruling that motion. Therefore, the second assignment of error is overruled as moot.
The judgment of the trial court will be affirmed.
GRADY, J. and YOUNG, J., concur.
[1] We will refer to the financing company as Conseco throughout this opinion. However, Conseco actually acquired Green Tree Financial Servicing Corporation on November 1, 1999.