This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Alisa Forney, appeals from the judgment of the Akron Municipal Court that denied her Civ.R. 60(B) motion for relief from judgment. We affirm.
{¶ 2} On February 2, 2000, Appellee filed a complaint against Appellant which alleged two causes of action. Shortly thereafter, a summons was served on Appellant indicating that a trial had been scheduled, with regards to count one, for February 29, 2000. The summons also indicated that Appellant was to file an answer pertaining to count two, within twenty-eight days after service of the summons.
{¶ 3} On February 29, 2000, Appellant and Appellee appeared at trial. The magistrate issued her decision and findings of fact which the trial court adopted on March 8, 2000. A writ of eviction was issued and the second cause of action was continued; Appellant was given twenty-eight days to file an answer pertaining to Appellee's second cause of action. No answer was filed. On May 9, 2000, the trial court entered a default judgment entry against Appellant. Nearly two years later, on May 3, 2002, Appellant filed a motion to vacate judgment pursuant to Civ.R. 60(B). The motion was denied and Appellant timely appealed.
 ASSIGNMENT OF ERROR
{¶ 4} "The [t]rial [c]ourt erred in not allowing the vacating of a default judgment previously granted where, as here, no notice regarding the default judgment was given to the opposing party, in violation of [Civ.R. 55]."
{¶ 5} In her sole assignment of error, Appellant maintains that the trial court erroneously denied her Civ.R. 60(B) motion for relief from judgment. We disagree.
{¶ 6} "If a judgment by default has been entered, the court may set it aside in accordance with [Civ.R.] 60(B)." Civ.R. 55(B). Civ.R. 60(B) provides that a "court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under [Civ.R.] 59(B); (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."
{¶ 7} An appellate court reviews the granting or denial of a Civ.R. 60(B) motion for relief from judgment under an abuse of discretion standard. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621.
{¶ 8} To prevail on a Civ.R. 60(B) motion, the movant must demonstrate that: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE AutomaticElectric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. If these requirements are not met, the trial court should deny the motion. Rose Chevrolet, Inc., 36 Ohio St.3d at 20.
{¶ 9} A review of the record in this case reveals that the three prongs of the GTE test have not been satisfied. Foremost, Appellant's Civ.R. 60(B) motion was untimely. Such a motion must be brought within a "reasonable time." GTE Automatic Electric, 47 Ohio St.2d 146 at paragraph two of the syllabus; Haley v. Haley, 9th Dist. No. 20720, 2002-Ohio-1976, at ¶ 14. A motion may be considered too late if there are unjustified delays amounting to less than a year. Haley at ¶ 15. This Court has stated that "[t]he burden is on the moving party to justify any delays in submitting the request for relief." Id. at ¶ 16, quoting La Pointe v. Ohio Freight Forwarders (Nov. 13, 1991), 9th Dist. No. 15083. Furthermore, the movant must "submit factual material which on its face demonstrates the timeliness of the motion * * * [G]ood legal practice dictates that the movant * * * present allegations of operative facts to demonstrate that she is filing [her] motion within a reasonable period of time." Fouts v. Weiss-Carson
(1991), 77 Ohio App.3d 563, 566, quoting Adomeit v. Baltimore (1974),39 Ohio App.2d 97, 103. See Haley at ¶ 17.
{¶ 10} In this case, Appellant filed her motion for relief from judgment almost two years after the judgment was initially entered. However, Appellant did not adequately address the reasonableness of the delay in bringing her motion in her briefs to the trial court or this court. No discussion was presented concerning when Appellant learned of her alleged grounds underlying her motion. Appellant merely states that she "had no knowledge that a judgment had been granted until she checked a credit report." As specific dates were not given we are unable to determine if the delay was in fact reasonable. Accordingly, Appellant has failed to meet her burden of establishing the timeliness of the motion.
{¶ 11} Moreover, Appellant failed to comply with the second of theGTE requirements. Nowhere in her motion did Appellant identify which ground of relief, stated in Civ.R. 60(B)(1) through (5), entitled her to a vacation of the judgment. Appellant merely stated that "[f]ailure to serve notice that a default judgment is being requested violates [Civ.R. 55], and per [Civ.R.] 55(B), relief is allowed through [Civ.R.] 60(B)." This Court has held that a movant's failure to identify which portion of Civ.R. 60(B) is being invoked is fatal to a Civ.R. 60(B) motion as the second prong of the GTE test has not been satisfied. Rhodes v. Rhodes
(Nov. 7, 2001), 9th Dist. No. 20512, at 4, citing Sales v. Long (Jan. 22, 1997), 9th Dist. No. 17825, at 3. See, also, Bruell v. Jaber (Sept. 16, 1998), 9th Dist. No. 18802, at 7-8 (finding the second prong of GTE
was not satisfied when the movant did not specify in her motion before the trial court which Civ.R. 60(B) grounds entitled her to relief from judgment). Moreover, "[n]either the responding party nor the court can be expected to divine the [specific] grounds under which the movant seeks relief." Rhodes, supra, at 4, quoting Black v. Harris (Dec. 30, 1994), 2nd Dist. No. 14583.
{¶ 12} Appellant failed to state under which section of Civ.R. 60(B) she sought relief, and for this fact alone, her motion is defective and may be denied. See Black, supra. This Court cannot and will not make an appellant's argument on her behalf. See Helman v. EPL Prolong, Inc.
(2000), 139 Ohio App.3d 231, 240. Accordingly, the second prong of theGTE test has not been satisfied inasmuch as Appellant has not specified which Civ.R. 60(B) ground she was seeking relief under. See Rhodes, supra, at 4; Bruell, supra, at 7-8.
{¶ 13} Additionally, Appellant has not demonstrated that she has a "meritorious defense or claim to present if relief is granted." A movant need not prove that he will prevail on the meritorious defense. RoseChevrolet, Inc., 36 Ohio St.3d at 20. However, a movant must "allege supporting operative facts with enough specificity to allow the court to decide that the movant has a defense he could have successfully argued at trial." Mozena v. Mozena (June 21, 1995), 9th Dist. No. 94CA005969, at 4, citing Elyria Twp. Bd. of Trustees v. Kerstetter (1993),91 Ohio App.3d 599, 602 (finding that a movant must specifically allege operative facts which would support a defense to the judgment).
{¶ 14} We look to Appellant's motion filed with the trial court because we are unable to examine an answer for possible meritorious defenses as Appellant has failed to file one. In her Civ.R. 60(B) motion, Appellant alleges that she "has viable defenses and counterclaims against * * * [Appellee] (see the attached Affidavit)[.]" However, in her affidavit Appellant merely states that "[she] ha[s] viable defenses and counterclaims against * * * [Appellee] (and related parties) and the failure to reopen this case will work a great injustice[.]" Clearly, Appellant has not alleged supporting operative facts with enough specificity to allow this court to determine whether Appellant has a meritorious defense. Consequently, the first prong of the GTE test is also not satisfied.
{¶ 15} As the three requirements of the GTE test have not been satisfied, we cannot say that the trial court erred by denying Appellant's Civ.R. 60(B) motion for relief from judgment. Accordingly, Appellant's sole assignment of error is overruled. The judgment of the Akron Municipal Court is affirmed.
{¶ 16} The Court finds that there were reasonable grounds for this appeal.
{¶ 17} We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
{¶ 18} Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
CARR, J. CONCURS IN JUDGMENT ONLY.
WHITMORE, J., CONCURS