OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant Tommy Mayberry appeals the October 29, 2003 Judgment Entry of the Ashland County Court of Common Pleas which denied his motion for relief from judgment. Olus Cripe is plaintiff-appellee.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} On May 30, 2003, appellee filed a complaint for money damages against appellant in the Ashland County Court of Common Pleas. Appellant was served via certified mail on May 31, 2003. On July 31, 2003, the trial court granted appellee default judgment.
{¶ 3} Appellant filed a Motion for Relief from Judgment pursuant to Civ. R. 60 on September 24, 2003. Therein, appellant explained his pending divorce case had thrown his life into chaos, resulting in his neglecting to bring appellee's complaint to his attorney in a timely fashion. Appellant also offered a defense.
{¶ 4} On October 29, 2003, the trial court denied appellant's motion for relief from judgment. It is from that judgment entry appellant prosecutes this appeal assigning as error:
{¶ 5} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT/APPELLANT IN DENYING DEFENDANT/APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT."
{¶ 6} Civ. R. 60(B) provides:
{¶ 7} "(B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc.
{¶ 8} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."
{¶ 9} In order to prevail on a motion under Civ. R. 60(B), the moving party must demonstrate:
{¶ 10} "(1) The party has a meritorious defense of claim to present if relief is granted;
{¶ 11} "(2) The party is entitled to relief under one of the grounds stated in Civil Rule 60(B)(1) through (5); and
{¶ 12} "(3) The motion is made within a reasonable time, and, where the grounds of relief are 60(B)(1), (2), or (3), not one year after the judgment, order or proceeding was entered or taken." GTE AutomaticElec., Inc. v. ARC Indust., Inc. (1976), 47 Ohio St.2d 146, 150.
{¶ 13} A motion for relief from judgment is addressed to the sound discretion of the trial court and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion. Griffey v.Rajan (1987), 33 Ohio St.3d 75. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
{¶ 14} Appellant maintains the personal crisis he was going through (his divorce case), understandably prevented him from timely responding to appellee's complaint. We find the trial court did not abuse its discretion in finding appellant's proffered reason for failing to timely file an answer to appellee's complaint was insufficient to demonstrate excusable neglect. For a similar result see, Fouts v. Weiss-Carson
(1971), 77 Ohio App.3d 563.
{¶ 15} Appellant's assignment of error is overruled.
{¶ 16} The judgment of the Ashland County Court of Common Pleas is affirmed.
For the reason stated in our accompanying Memorandum-Opinion, the October 29, 2003 Judgment Entry of the Ashland County Court of Common Pleas is affirmed. Costs assessed to appellant.