OPINION
{¶ 1} Appellant, Mary D. Walsh, appeals from the judgment of the Geauga County Common Pleas Court, Domestic Relations Division, which denied her motion for modification of custody and for shared parenting and motion for relief from judgment. We affirm.[1]
 {¶ 2} Christopher and Mary Walsh were married on May 14, 1988. They had five children: Colleen, born September 4, 1988; Kathleen, born November 18, 1990; Timothy, born August 30, 1993; Daniel, born November 8, 1995; and Audrey, born April 24, 1999. Christopher filed for divorce on January 22, 2003 and Mary was properly served.
 {¶ 3} The matter was tried before a magistrate on July 28, 2003. Mary did not attend the hearing. The magistrate issued a decision on July 28, 2003. No objections were filed and the trial court adopted the magistrate's decision on August 21, 2003. Among other things, the trial court's judgment designated Christopher as the residential parent and legal guardian of the children and granted Mary visitation time in accord with the Geauga County Standard Visitation Schedule.
 {¶ 4} On December 2, 2003, Mary filed a motion for relief from judgment. On December 4, 2003, she filed a motion for shared parenting. The motions were set for hearing on May 4, 2004 before the magistrate. On April 30, 2003, Mary moved for an in camera interview of the children and appointment of a guardian ad litem. The trial court denied Mary's motions for in camera interview and appointment of a guardian ad litem by entry filed May 7, 2004.
 {¶ 5} Following a hearing, the magistrate entered a decision recommending that Mary's motion to modify custody and motion for relief from judgment be overruled.
 {¶ 6} Mary filed objections to the magistrate's decision. By entry filed August 10, 2004, the trial court overruled Mary's objections to the magistrate's decision and adopted the magistrate's decision. Mary filed a timely appeal raising three assignments of error:
 {¶ 7} "[1.] The court erred and abused its discretion in utilizing the standard for changing the visitation/companionship schedule as a change in circumstances versus best-interest pursuant to R.C. 3109.04(E) in lieu of the best-interest standard as required by re-allocation of those rights pursuant to R.C. 3109.051.
 {¶ 8} "[2.] The court erred and abused its discretion by denying the [a]ppellant's request for an in camera interview and guardian ad litem.
 {¶ 9} "[3.] The court erred by not setting aside the judgment when there were financial, procedural and custodial misrepresentations made by the [f]ather as well as an incomplete analysis by the court creating a meritorious defense, and further erred by not including all the factors for consideration as to the [m]other's award of custody."
 {¶ 10} We review a trial court's judgment concerning modification of parental rights only for an abuse of discretion. Masters v. Masters
(1994), 69 Ohio St.3d 83, 85. "Abuse of discretion" means "`more than an error [of] law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Id. quoting Miller v.Miller (1988), 37 Ohio St.3d 71, 73-74.
 {¶ 11} We initially note some confusion as to whether Mary would have us apply the standards set forth in R.C. 3109.051 pertaining to allocation of visitation time, the standards set forth in R.C. 3109.04
concerning modification of custody decrees, or some hybrid of the two. Nonetheless, in this case Mary filed a motion for shared parenting, i.e., a motion to modify child custody. Thus, as did the lower court, we apply the standards set forth in R.C. 3109.04 to determine whether the trial court abused its discretion in denying Mary's motion. We hold it did not.
 {¶ 12} R.C. 3109.04(E)(1)(a) provides in relevant part:
 {¶ 13} "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 {¶ 14} "(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 {¶ 15} "(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 {¶ 16} "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
 {¶ 17} This statute sets forth a three-part test to determine whether a trial court should grant a motion to modify custody. Neale v. Neale
(Feb. 6, 1998), 11th Dist. No. 97-T-0084, 1998 Ohio App. LEXIS 428, 6. The movant "must establish: (1) a change of circumstances has occurred since the last custody order; (2) a modification of custody would serve the best interests of the child; and (3) the harm caused by the change in living arrangements is outweighed by the advantages of the proposed modification." Id. citing Sickinger v. Sickinger (Apr. 5, 1996), 11th Dist. No. 95-A-0046, 1996 Ohio App. LEXIS 1428, 7.
 {¶ 18} In the instant case, the lower court found no change in the children's circumstances or Christopher's circumstances warranted the modification. Mary argues changes had occurred in that the eldest daughter, who provides some care for the younger children, primarily after school until Christopher returns from work, suffered from psychological problems and had attempted suicide; the home was in a state of disrepair, and Mary had acquired a new residence. This argument is unpersuasive.
 {¶ 19} First, a change in Mary's residence is not a factor to be considered under R.C. 3109.04(E)(1)(a). The only factors applicable in the instant case are changes in facts relating to the children or the residential parent; changes relating to the non-custodial parent are irrelevant.
 {¶ 20} The record also established the children's home (Christopher's residence) was in the same state of repair it had been at the time of the original decree. More importantly, while there are issues with the home that need addressed, nothing in the record establishes the condition of the home poses a risk to the children and any testimony to this effect was speculation.
 {¶ 21} With respect to the mental condition of the eldest daughter, Colleen, the record reflects she is undergoing therapy and is on medication to regulate her condition. Nothing in the record shows any problems arising from Colleen's babysitting of the other children.
 {¶ 22} For these reasons, we conclude the trial court did not abuse its discretion in finding Mary failed to show a change in circumstances warranting modification of the prior custody order. Because Mary has failed to meet the first prong of the test, there was no need for the lower court, (or this court) to address the other two prongs.
 {¶ 23} Appellant's first assignment of error is without merit.
 {¶ 24} In her second assignment of error, Mary argues the trial court erred in denying her motions for in camera interview and appointment of a guardian ad litem. We disagree.
 {¶ 25} R.C. 3109.04(B)(1) provides in relevant part:
 {¶ 26} "When making the allocation of the parental rights and responsibilities for the care of the children under this section in an original proceeding or in any proceeding for modification of a prior order of the court making the allocation, the court shall take into account that which would be in the best interest of the children. In determining the child's best interest for purposes of making its allocation of the parental rights and responsibilities for the care of the child and for purposes of resolving any issues related to the making of that allocation, the court, in its discretion, may and, upon the request of either party, shall interview in chambers any or all of the involved children regarding their wishes and concerns with respect to the allocation.
 {¶ 27} "(2) If the court interviews any child pursuant to division (B)(1) of this section, all of the following apply:
 {¶ 28} "(a) The court, in its discretion, may and, upon the motion of either parent, shall appoint a guardian ad litem for the child."
 {¶ 29} Mary argues this section required the trial court to interview the children and appoint a guardian ad litem in response to her motion. At first glance, the statute seems to support this argument. However, a closer reading of the statute reveals it requires the court to interview the children and appoint a guardian ad litem only when it considers the best interest of the children in making its custody determination. As we discussed in our analysis of Mary's first assignment of error, there was no need to reach the best interest prong of the test because Mary failed to show a change in circumstances. Because the lower court did not reach the best interest prong, it was not required to interview the children and appoint a guardian ad litem.
 {¶ 30} Mary also cites In re Williams, 11th Dist. No. 2003-G-2498, 2003-Ohio-3550, ¶ 30 where, citing In re Salsgiver, 11th Dist. No. 2002-G-2478, 2003-Ohio-1204, ¶ 26, we stated, "* * * a judgment that fails to discuss a child's wishes, expressed through its guardian ad litem, is `facially defective' and must be reversed." Mary fails to note however, that Williams and Salsgiver concerned a proceeding to terminate parental rights, not a motion to modify custody. The quoted statement is inapposite to the instant case.
 {¶ 31} Appellant's second assignment of error is without merit.
 {¶ 32} In her final assignment of error, Mary contends the trial court erred in denying her motion for relief from judgment. We find no error.
 {¶ 33} We review a trial court's decision to grant or deny a motion for relief from judgment only for an abuse of discretion. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. In GTE AutomaticElectric, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, the Supreme Court of Ohio set forth the standard required to prevail on a Civ.R. 60(B) motion. Under Civ.R. 60(B) the movant must show that:
 {¶ 34} "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE at paragraph two of the syllabus. The movant must meet all three prongs to prevail on his motion. Rose Chevrolet, Inc., supra.
 {¶ 35} Mary claims she was entitled to relief from judgment because, at the time of the final divorce hearing, she was in emotional turmoil, did not understand her legal rights, and Christopher did not permit or advise her to obtain independent legal advice. She also contends Christopher misrepresented certain assets and liabilities in the original proceeding and matters relevant to the determination of custody.
 {¶ 36} Given the facts of the instant case, Mary has failed to show excusable neglect, Civ.R. 60(B)(1), or fraud, misrepresentation, or other misconduct of an adverse party. Civ.R. 60(B)(3).
 {¶ 37} In Fouts v. Weiss-Carson (1991) 77 Ohio App.3d 563 we found the appellant's claims of emotional problems did not constitute excusable neglect. We stated:
 {¶ 38} "Although appellant's affidavit indicates that she has been emotionally distraught over her pending divorce, causing her to take medical leave and seek psychiatric counseling, we have no operative facts as to the severity of her mental condition or whether her condition would have rendered her incompetent for purposes of receiving service or comprehending her legal obligations." (Emphasis sic.) Id. at 566.
 {¶ 39} Likewise, in the instant case, while Mary testified about her emotional issues, no operative facts indicate her condition was such as to render her incompetent for purposes of service or comprehending her legal rights or obligations.
 {¶ 40} Mary also claims she is entitled to relief under Civ.R. 60(B)(3) because of misrepresentations made by Christopher as to the assets and liabilities of the marriage and the grounds for custody. After reviewing the record, we determine Mary has failed to establish fraud, misrepresentation, or misconduct on the part of Christopher as would entitle her to relief from judgment. And she has not demonstrated the lower court omitted factors required to properly determine custody.
 {¶ 41} The trial court did not abuse its discretion in denying appellant's motion for relief from judgment; appellant's third assignment of error is without merit.
 {¶ 42} For the foregoing reasons, appellant's assignments of error are without merit and the judgment of the Geauga County Court of Common Pleas, Domestic Relations Division is affirmed.
Ford, P.J., Grendell, J., concur.
[1] Appellee did not file a brief.