[Cite as *Sell v. Brockway*, 2012-Ohio-4552.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| THOMAS SELL, et al., | ) | CASE NO. 11 CO 30 |
| | ) | |
| PLAINTIFFS-APPELLEES, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| LARRY BROCKWAY, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS. | ) | |

CHARACTER OF PROCEEDINGS:        Civil Appeal from Common Pleas Court,
                                                        Case No. 08CV40.

JUDGMENT:                                        Reversed; Judgment Vacated;
                                                        Remanded.

APPEARANCES:
For Plaintiffs-Appellees:                    Attorney Kyde Kelly
                                                        Attorney Virginia Barborak
                                                        120 South Market Street
                                                        Lisbon, Ohio  44432

For Defendants-Appellants:              Attorney Michael Georgiadis
                                                        135 Pine Avenue, S.E., Suite 211
                                                        Warren, Ohio  44481

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated:  September 28, 2012

VUKOVICH, J.

**{¶1}** Defendant-appellant Arthur Brockway appeals the decision of the Columbiana County Common Pleas Court denying his Civ.R. 60(B) motion for relief from a money judgment rendered in favor of plaintiffs-appellees Thomas and Jo Ann Sell. Arthur Brockway argues that the trial court abused its discretion in not granting the Civ.R. 60(B) motion. More specifically he contends that either Civ.R. 60(B)(1), excusable neglect, or Civ.R. 60(B)(5), the catch-all provision, provide grounds for relief for vacation of the money judgment.

**{¶2}** For the reasons expressed more fully below, we find that the facts of this case warrant application of Civ.R. 60(B)(5). In the interests of justice, Arthur Brockway should be given the opportunity to defend the amount of damages awarded against him. Thus, the trial court's decision is hereby reversed, the judgment is vacated and the cause is remanded.

Statement of the Case

**{¶3}** In January 2008, the Sells filed a complaint against Timber Consulting, LLC, Jed Coldwell and Jared Coldwell seeking monetary damages for the unauthorized removal of trees from the Sells property and for the cost of cleanup that did not occur after the unauthorized removal. In February 2008, Larry Brockway, Arthur Brockway and Matthew Brockway were substituted as parties and the Coldwells and Timber Consulting, LLC, were dismissed as parties. An amended complaint was then filed asserting the same facts and cause of action against the Brockways.

**{¶4}** In August 2008, the Brockways filed an answer. Included in the answer was an averment that Arthur Brockway had not been part of the logging business for two years.

**{¶5}** The cause was then referred to mediation and a settlement agreement was reached. The cause was dismissed with prejudice, but the trial court retained jurisdiction to enforce the settlement. 08/04/09 J.E.

**{¶6}** The record does not include a copy of the settlement agreement. However, from the parties' pleadings it appears that the Brockways agreed to pay the

Sells $4,500 in damages for the removal of the trees and to clean up the job site. The agreement also contained a clause concerning the failure to clean up. If the property was not cleaned up, the Brockways would be liable for $3,000 or the cost of the clean-up, whichever was greater. Arthur Brockway's affidavit asserts that he agreed to the settlement even though he was no longer a part of the logging business to help out his grandson Aaron Brockway, who was the person actually liable for the damages.

**{¶7}** Arthur Brockway paid the $4,500 in damages and was informed in December 2009 that clean-up had occurred.

**{¶8}** In June 2010, the Sells filed a motion to enforce the settlement claiming that clean-up had not occurred and they were entitled to $3,000 or the cost of clean-up, whichever is greater. A copy of that motion was sent to Attorney Kenneth Shaw, who represented the Brockways during the earlier proceedings. In September, 2010, Attorney Shaw was suspended from the practice of law for one year.

**{¶9}** After a few continuances by the Sells, a hearing was set for November 18, 2010. A notice of that hearing, which indicated that the hearing was for the Motion to Enforce Settlement, was sent certified mail to Arthur Brockway. His wife, Ella Benson, signed for it.

**{¶10}** The hearing was held on November 18, 2010. No one appeared on behalf of the Brockways. After hearing the evidence, the magistrate issued a decision ordering Arthur Brockway to pay damages to the Sells in the amount of $13,600. The trial court adopted that decision. 12/16/10 J.E.

**{¶11}** On July 1, 2011, Arthur Brockway filed a Civ.R. 60(B) motion. Thereafter, the Sells filed a motion in opposition. Upon review of the motions, the trial court denied Civ.R. 60(B) relief. It is from that judgment that Arthur Brockway appeals.

<u>First and Second Assignments of Error</u>

**{¶12}** "The trial court erred in denying the defendant's motion to vacate determining that the nature of the case was not unusual or extraordinary under Civil Rule 60(B)(5) and/or that the case was not one of excusable neglect under Civil Rule 60(B)(1)."

**{¶13}** "The trial court erred in its findings in ignoring that legal counsel for defendant-appellant did not receive proper notice of the November 18th hearing."

**{¶14}** Due to the commonality of the arguments raised in the assignments of error, they are addressed together.

**{¶15}** In order to prevail on a motion for relief from judgment under Civ.R. 60(B), the movant must demonstrate three prongs of the *GTE* test, which are: (1) a meritorious claim or defense; (2) entitlement to relief under one of the five grounds listed in the rule; and (3) the timeliness of the motion. *GTE Automatic Elec., Inc. v. ARC Indus., Inc.* (1976), 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976). This court will not disturb a trial court's decision concerning motions filed under Civ.R. 60(B) absent an abuse of discretion. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). An abuse of discretion connotes an attitude by the court that is arbitrary, unconscionable, or unreasonable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶16}** The grounds for relief under Civ.R. 60(B) are:

(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have

prospective application; or (5) any other reason justifying relief from the judgment.

Civ.R. 60(B).

**{¶17}** The rule further provides that the motion for relief must be made within a reasonable time and that for reasons (1), (2) and (3) it cannot be made more than one year after the judgment, order or proceeding was entered or taken. Civ.R. 60(B).

**{¶18}** The relief from judgment motion was based on excusable neglect and any other reason justifying relief. It was filed within six months of the judgment. All parties and the trial court agreed that the motion was timely made. Thus, our analysis will solely focus on the first and second prongs of the *GTE* test.

**{¶19}** As referenced above, the first prong is a meritorious claim or defense. In response to the 2008 complaint filed by the Sells that named Arthur Brockway as a defendant, he asserted that he was not involved in the logging business and was not involved in the incident that damaged the Sells' property. However, instead of pursuing that defense, he entered into a settlement agreement. He paid the liability portion on the settlement of $4,500. Part of the settlement agreement was for clean up; if clean up did not occur then the Sells were entitled to $3,000 or the cost of clean-up, whichever was greater. In the appellate brief, it appears that Arthur Brockway is asserting that while he paid the liability portion of the settlement agreement, he only did so to resolve the matter on behalf of his grandson, Matthew Brockway. Arthur Brockway asserts that the agreement does not cause him to be personally liable for the clean-up in this matter.

**{¶20}** This is not a valid defense. Under Ohio law, "a settlement agreement is a contract designed to terminate a claim by preventing or ending litigation and * * * such agreements are valid and enforceable by either party." *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.,* 74 Ohio St.3d 501, 502, 660 N.E.2d 431 (1996). Further, "[t]he result of a valid settlement agreement is a contract between parties, requiring a meeting of the minds as well as an offer and an acceptance thereof." *Rulli v. Fan Co.,* 79 Ohio St.3d 374, 376, 683 N.E.2d 337 (1997). Arthur Brockway entered into the settlement agreement and chose to be bound by the terms of it. Thus, he has abandoned his position that he was not a

valid party. Any contention that he was not the party that caused damage is a moot point and not a valid defense to whether he is liable for clean-up.

{¶21} That said, Arthur Brockway's counsel at oral argument conceded this point. The meritorious defense or claim argument instead focused on the opportunity to defend the amount of damages Sells is alleging for the clean-up. We have previously held that a dispute concerning the amount of damages can constitute a meritorious defense or claim under the first prong of the *GTE* test. *Syphard v. Vrable,* 141 Ohio App.3d 460, 464, 751 N.E.2d 564 (2001). *See also Oberkonz v. Gosha,* 10th Dist. No. 02AP-237, 2002-Ohio-5572 (amount of damages in a negligence action constitutes allegation of defense even though it is not an alleged defense to liability). Accordingly, we find that a meritorious defense or claim has been alleged and the first *GTE* prong is satisfied.

{¶22} We now move to the second prong of the *GTE* test, grounds for relief. Arthur Brockway argues that his counsel of record, Attorney Shaw, had his law license suspended and that constituted either excusable neglect or any other reason justifying relief for failing to appear and defend the motion to enforce settlement. He further argues that Attorney Shaw did not receive notice of the hearing and that also constituted excusable neglect and/or any other reasons justifying relief.

{¶23} The Ohio Supreme Court has stated that excusable neglect is an "elusive concept" that is difficult to define. *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996). Nevertheless, the Court has defined it in the negative and has stated that the inaction of a defendant is not "excusable neglect" if it can be labeled as a "complete disregard for the judicial system." *Id.*, citing, *GTE*, 47 Ohio St.2d 146, 153, 351 N.E.2d 113; *Rose Chevrolet, Inc.*, 36 Ohio St.3d 17, 21, 520 N.E.2d 564. Because the determination of what constitutes excusable neglect in a given case is intensely fact specific, the inquiry must necessarily take into account all the surrounding facts and circumstances. *Colley v. Bazell*, 64 Ohio St.2d 243, 249, 416 N.E.2d 605 (1980).

{¶24} Courts ordinarily impute the neglect of a party's attorney to that party when determining whether the facts demonstrate excusable neglect. *GTE,*

paragraph four of the syllabus. Thus, ordinarily, a party cannot establish excusable neglect simply by casting blame upon the party's attorney. *But see Whitt v. Bennett,* 82 Ohio App.3d 792, 613 N.E.2d 667 (2d Dist.1992) ("[F]ault should not automatically be imputed when an attorney has grossly neglected a diligent client's case and misleads the client to believe that his interests are being properly handled."). Attorney conduct falling "substantially below what is reasonable under the circumstances" constitutes inexcusable neglect. *Vanest v. Pillsbury Co.*, 124 Ohio App.3d 525, 536, 706 N.E.2d 825 (4th Dist.1997).

{¶25} Civ.R. 60(B)(5) is the catch-all provision that reflects the inherent power of a court to relieve a person from the unjust operation of a judgment. *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 448 N.E.2d 1365 (1983), paragraph one of the syllabus. The grounds for relief must be substantial. *Id.* It is to be used only in extraordinary and unusual cases when the interests of justice warrant it. *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 316 N.E.2d 469 (8th Dist.1974).

{¶26} Here, the record shows that the motion to enforce settlement was sent to Arthur Brockway and that a notice of the hearing was served on Arthur Brockway. Affidavit of Arthur Brockway. Likewise, the record also shows that copy of the motion to enforce settlement was sent to Attorney Shaw on June 10, 2010. However, that was prior to Attorney Shaw's suspension, which occurred in September 2010. Furthermore, it is undisputed that Attorney Shaw did not receive notice of the November 2010 hearing and at the time of that hearing he was suspended from the practice of law.

{¶27} While we are not persuaded that excusable neglect applies given these facts, we are of the opinion that, in the interests of justice, the catch-all provision should be applied. The failure of counsel to receive notice of the hearing taken in conjunction with his suspension creates a somewhat extraordinary or unusual situation. Thus, Arthur Brockway has provided a ground for relief under the second prong of the *GTE* test. This is especially the case when the ground for relief is taken in conjunction with the argument made under the alleged meritorious defense of being given the opportunity to defend the amount of damages for the clean-up.

{¶28} Consequently, we find merit with the assignments of error. The trial court's decision is hereby reversed, the judgment is vacated and the cause is remanded. Upon remand, it is noted that due to the settlement agreement, Arthur Brockway is foreclosed from arguing that he is not bound by the terms of the settlement agreement and the issue to be determined by the trial court is the amount of the damages.

Donofrio, J., concurs.

DeGenaro, J., dissents; see dissenting opinion.

DeGenaro, J., dissenting:

**{¶29}** Arthur Brockway failed to establish both a meritorious defense and grounds for relief under Civ.R. 60(B); thus, the trial court did not abuse its discretion in denying relief from judgment, and I would affirm.

**{¶30}** A few procedural points must be addressed. First, the judgment entry awarding damages was entered December 16, 2010. The docket shows that the certificate of mailing was returned December 20, 2010 for Arthur Brockway. Thus, he received notice of the damage award. Instead of filing a timely notice of appeal as required by App.R. 4, Brockway filed a motion to vacate. It is well-settled law in Ohio that a motion for relief from judgment cannot be a substitute for an appeal. *Doe v. Trumbull County Children Services Bd.*, 28 Ohio St.3d 128, 502 N.E.2d 605 (1986), paragraph two of the syllabus.

**{¶31}** Second, Brockway failed to file a transcript of the hearing. The judgment entry stated that testimony was heard from both Plaintiffs, the settlement agreement was submitted to the court and the court "reviewed an estimate submitted into evidence by Plaintiffs in the amount of $13,600.00 to satisfy paragraph five (5) of the settlement agreement." Again, it is settled law in Ohio that in the absence of a transcript of proceedings, an appellate court must presume the regularity of the proceedings before the trial court. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). Without a transcript to facilitate our review, we cannot test whether the trial court was presented with competent, credible evidence sufficient to support the damages award, and whether it abused its discretion in denying 60(B) relief.

**{¶32}** Third, for the first time in this case, *at oral argument,* counsel argued that Brockway should have an opportunity to defend the amount of damages. I cannot join my colleagues in permitting Brockway to assert this as his meritorious defense at this late date. The party moving to vacate the judgment "has the burden 'to allege operative facts which would constitute a meritorious defense if found to be true." *Home Savings & Loan Co. v. Captiva Hong Kong Ltd.* 7th Dist. No. 03 MA 167, 2004-Ohio-6375, ¶22, quoting *Fouts v. Weiss-Carson*, 77 Ohio App.3d 563,

565, 602 N.E.2d 1231 (1991). Thus, the movant must *provide the trial court* with enough operative facts to constitute the meritorious defense and must allege those operative facts with enough specificity to allow *the trial court* to decide whether the movant has met that test." (Emphasis added.) *Home Savings & Loan* at ¶22. By failing to specifically assert the dispute over damages as a meritorious defense in his 60(B) motion, Brockway has, in effect, waived this argument on appeal. To permit him to assert this argument now does not comport with due process, deprives Sells of a meaningful opportunity to respond, and usurps the role of the trial court. And again, given that Brockway chose not to file a transcript of proceedings, as a matter of law we must presume there was competent, credible evidence presented to the trial court to support its damage award. To grant Brockway relief from judgment for this reason is giving him a second bite at the apple.

{¶33} Turning to the merits, I disagree with my colleagues that the catch-all provision of Civ.R. 60(B)(5) affords Brockway relief from judgment because the circumstances involving counsel created an extraordinary situation. The status of counsel's license to practice law and lack of notice of the hearing was irrelevant to Brockway's choice not to appear for the hearing.

{¶34} As the trial court soundly reasoned:

> The fact that Mr. Brockway's attorney may not have received notice of the hearing or was even suspended from the practice of law for a period of time is of no consequence, as those facts do not constitute a claim or defense to the claims of the Plaintiffs. Moreover, Mr. Brockway does not provide evidence that he tried to contact his counsel to discuss the motion or its legal significance. Mr. Brockway also did not request a continuance of the hearing on the basis that his counsel was unavailable. Instead he admits that he basically ignored the notice and did not attend the scheduled hearing based upon his mistaken belief that the case was settled and closed. While Mr. Brockway had a 'mistaken belief' regarding the hearing, his lack of legal training does not entitle him to relief from judgment.

**{¶35}** There is competent, credible evidence supporting the trial court's decision to deny relief from judgment. The motion and a notice of the hearing were served on Brockway, and he admits in his affidavit that he received notice of the November 2010 hearing. Brockway does not aver that he contacted his attorney concerning this motion and hearing; rather, that he received the notice but did not review it and did not realize its legal significance. Ignorance of the law does not create an extraordinary and unusual case. "[A] party involved in litigation cannot simply sit back and claim ignorance of the proceedings. Instead, a party to an action must keep himself informed of the status of the case." *PHH Mtge. Corp. v. Northrup,* 4th Dist. No. 11CA6, 2011-Ohio-6814, ¶22.

**{¶36}** Significantly, Attorney Shaw's affidavit does not assert that there was any contact between Brockway and him about Brockway's course of action regarding the motion. "[I]f either the party or her 'attorney could have controlled or guarded against the happening of the special or unusual circumstance, the neglect is not excusable.'" *Hai v. Flower Hosp.,* 6th Dist. No. L-07-1423, 2008-Ohio-5295, ¶21, quoting *Vanest v. Pillsbury Co.,* 124 Ohio App.3d 525, 536, 706 N.E.2d 825 (1997).

**{¶37}** This case and Brockway's situation are neither extraordinary nor unusual. The parties reached a settlement and now there is an allegation that the terms of the settlement have not been met. Although Attorney Shaw was not aware of the hearing, Brockway was. Brockway received both the motion and the notice of the November 2010 hearing, yet he did not contact his attorney or the court, and did not attend the hearing. Because Brockway could have guarded against the judgment being rendered against him, the catchall provision of Civ.R. 60(B)(5) does not apply.

**{¶38}** In conclusion, mindful of our standard of review, I would affirm the trial court's decision. Brockway failed to establish a basis for relief pursuant to Civ.R. 60(B)(3) or (5); this alone defeats his motion for relief from judgment. Further, as the majority concluded, at the trial court level Brockway failed to present a meritorious defense because he entered into the settlement agreement and is bound by it.

However, to permit him to assert, for the first time at oral argument, that he should be afforded the opportunity to challenge the amount of damages violates notions of due process.  For these reasons, I dissent.